**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2893
_____

ROBERT HARVEY, III,

Appellant

v.

TECHNIMARK, INC; SCOTT IRVINE

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 2:23-cv-00536)
District Judge: Honorable Marilyn J. Horan

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2025
Before: BIBAS, FREEMAN, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 15, 2025)
_____

OPINION[*]
_____

**PER CURIAM**

Pro se appellant Robert Harvey, III, appeals from the District Court's dismissal of

his claims. For the reasons that follow, we will affirm the District Court's judgment.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

In November 2022, Harvey initiated an action in the District Court alleging claims against his former employer, Technimark Inc., and Scott Irvine, who Harvey claimed was a Human Resources Manager at Technimark. Harvey amended his complaint three times and alleged the following account.

In August 2021, Harvey interviewed for and was offered a position as a tool and dye mold maker at a Technimark facility in Latrobe, Pennsylvania. His offer letter stated that Technimark would provide "relocation assistance of $6,500.00 (taxed accordingly unless you bill directly with relo-service) *with a payback clause* should you leave Technimark (100% if you leave in year-one and 50% within year-two)." See Supp. App'x at SA75 (emphasis in original). The letter did not specify when these funds would be paid.

Harvey began working at Technimark on September 15, 2021. He was 68 years old at the time. He brought his personal tools with him for the job, which he stated was standard practice in his industry. Harvey claimed that after he started working, Irvine told him that relocation funds would be paid in his first paycheck. Harvey was switched from the night shift to the day shift, although he was told in his interview that he would be working the night shift. He also noticed that two younger co-workers were assigned to work 8-hour shifts, while he was assigned to 12-hour shifts.

When the relocation funds were not released in his first paycheck, Harvey asked

Irvine and his supervisor to release the funds to R.H. III Moving and Relocating Company. At a meeting on October 1, 2021, Harvey was told that Technimark would not release the funds to a company in which Harvey had an ownership interest. Harvey again requested the funds, after which Irvine responded, "I guess this means you quit" and told Harvey to "take [his] tools and leave." Compl. at 10. Harvey asked to call the police, and after they arrived, Harvey was escorted off the property. He argued that Technimark should have done an exit interview with him, which would have allowed him to get his tools at that time, and that he had been unable to recover them since he left Technimark.

After Harvey voluntarily amended his complaint twice, the District Court dismissed some of his claims with prejudice and others without prejudice. In his third amended complaint, Harvey brought: (1) age discrimination claims under the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Discrimination Act ("PHRA"); (2) a breach of contract claim; and (3) a trespass to chattels claim. The District Court dismissed Harvey's third amended complaint on defendants' motion pursuant to Federal Rule of Civil Procedure 12(b)(6). Harvey timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of Harvey's claims. See Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009). Dismissal is appropriate "if, accepting all well-pleaded

3

allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). In our review, we consider Harvey's complaints, any "document integral to or explicitly relied upon" in framing the complaint, Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (internal citation and emphasis omitted), and any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document," Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). We may affirm on any basis in the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

### III.

We agree that the District Court appropriately dismissed the claims in Harvey's third amended complaint.[1] First, Harvey did not plead facts that suggested that he suffered an adverse employment action under circumstances that create an inference of age discrimination, as he must to state a prima facie case of age discrimination. See O'Connor v. Consol. Coin Caterers Corp., 517 U.S. 308, 312-13 (1996); see also Fasold v. Justice, 409 F.3d 178, 183-84 (3d Cir. 2005) (applying the same standards for ADEA and PHRA claims). Harvey alleged that two younger co-workers worked different shift

---

[1] In his appellate brief, Harvey does not discuss any of the claims that were dismissed prior to his third amended complaint and has thus forfeited those claims on appeal. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016).

4

lengths, but he does not explain how this creates an inference of age discrimination. Harvey alleged that he agreed to work twelve-hour shifts when he was hired, and he has not provided any facts suggesting that these co-workers were similarly situated to him in their job positions or in any other relevant way. He did not provide additional factual allegations regarding this issue despite having multiple opportunities to amend his complaint. Accordingly, Harvey's ADEA and PHRA claims were properly dismissed.

Second, Harvey did not state a claim for breach of contract under Pennsylvania law, which required him to allege: "(1) the existence of a contract, including its essential terms[;] (2) a breach of the contract; and, (3) resultant damages." Kelly v. Carman Corp., 229 A.3d 634, 653 (Pa. Super. Ct. 2020) (citation omitted). Harvey mentions this claim only in passing in his appellate brief, but he has argued that Technimark breached its contract with him by failing to pay the relocation funds in the manner he requested, and for failing to hold an exit interview with him. However, he has not pointed to any contractual provision or company policy with either of these terms, as the offer of relocation funds did not include a payment date and no exit interview was mentioned in his offer letter. Harvey also did not allege a contractual relationship with Irvine individually. Accordingly, it was appropriate to dismiss his breach of contract claim against Technimark and Irvine.

5

Third, Harvey did not state a claim for trespass to chattels.[2] He alleged that Technimark kept his personal tools after his employment ended. On appeal, he clarifies that some of his tools have been returned, but not all of them. Under Pennsylvania law, as relevant here, Harvey needed to allege that defendants intentionally "dispossess[ed] him] of the chattel." Pestco, Inc. v. Associated Prods., Inc., 880 A.2d 700, 708 (Pa. Super. Ct. 2005). However, Harvey alleged that he was told to take his tools when he left. He has not suggested that he attempted to recover his tools after his employment ended, or that he has tried to recover any additional tools that he identified as missing, such that Technimark could be found to have intentionally kept them. He has not provided any additional factual allegations that could salvage this claim in his responses to the defendants' motion to dismiss or on appeal. Thus, this claim was also properly dismissed.

Harvey had three opportunities to amend his complaint to clarify his claims and has not otherwise raised anything in the District Court or on appeal suggesting that he could state a claim if given another chance. Under these circumstances, granting him further leave to amend would have been futile and it was appropriate to dismiss his

---

[2] Defendants moved to dismiss this claim both as untimely based on the applicable statute of limitations and for failure to state a claim upon which relief could be granted. The District Court dismissed the claim as untimely. However, the parties did not address the possibility of whether this claim related back to Harvey's original complaint pursuant to Federal Rule of Civil Procedure 15(c). Because we conclude that Harvey fails to state a claim upon which relief could be granted, we need not address this alternative ground for dismissal.

claims with prejudice.  <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir.

2002).

Accordingly, we will affirm the judgment of the District Court.